**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **YENMA PRENDERGAST,** | ) | |
| | ) | **1:17-cv-00316** |
| **Plaintiff,** | ) | |
| | ) | **Judge Ellis** |
| **v.** | ) | **Magistrate Judge Kim** |
| | ) | |
| **FIRST CHOICE ASSETS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.      Plaintiff Yenma Prendergast currently resides at 11134 South Ave. E, Chicago Illinois, where she has resided since November 7, 2014.  See Affidavit of Plaintiff, attached hereto as Exhibit A, ¶1-4.

2.      When Plaintiff applied for credit with JB Robinson Jewelers, she listed her address as 787 Wilson Ave, Apt. 15, Glen Ellyn, Illinois. See Plaintiff's credit application attached hereto as Exhibit E.

3.      Plaintiff has had the cellular phone number of 773-556-0882 since 2012 and is the only person who answers calls to that phone. Exhibit A ¶ 9.

4.      Prior to December 2, 2016, Plaintiff incurred a debt with JB Robinson Jewelers. Plaintiff's Affidavit, Exhibit A, ¶5

5.      Plaintiff had made regular payments on the account until she lost employment in August of 2016, and was unable to pay the remaining balance owed.  Exhibit A, ¶6-7

6.      David Maczka is the compliance officer for Defendant.  Deposition of David Maczka, Exhibit B, p. 9.

7.      Mr. Maczka is also the compliance officer of another debt collection company, Everest Receivable Services, Exhibit B, p. 9.

1

8.      Prior to his employment with the Defendant, Mr. Maczka spent 25 years working in the field of debt collections, of which 23 years have been in a managerial position. Exhibit B, p. 13.

9.      Defendant employs a total of 28 people, of which 23 are debt collectors.  There are 2 floor managers that oversee the collection floor.  Exhibit B, p. 19.

10.     Defendant is a debt collector and at all times relevant was collecting a consumer debt as defined by 15 U.S.C. §1692a.

11.     At some point prior to December 2, 2016, the JB Robinson Jewelers account that Plaintiff allegedly owed upon was sold to a company called DNF Associates, LLC ("DNF"), a debt buying company.  Exhibit B, pp. 15-17.

12.     Prior to December 2, 2016, DNF hired Defendant to collect the alleged debt owed by Plaintiff.  Exhibit B, pp. 15, 24-25, 33-34.

13.     On both December 2, 2016 and December 6, 2016, Defendant attempted to contact Plaintiff in an attempt to collect the alleged debt owed to DNF Associates by calling 773-556-0882. Exhibit B, pp. 24-25, 29-30, 46-48, Exhibit A, ¶10-14.

14.     The call to Plaintiff on December 2, 2016 is transcribed as follows:

**Caller:** Yes Hi Good Afternoon my name is Louis, I was calling  to confirm location information for Yemna Prendergast,

**Yenma:** I'm sorry

**Caller:** Yenma Prendergast

**Yenma:** You're trying to confirm what location?

**Caller:** The address that I have um 11134 South Ave East

**Yenma:** And this is regarding?

2

**Caller:** It's in regards to a letter that we are supposed to be mailing, ah what I can actually do before we mail the document, I can discuss its contents on the phone with Yenma so can I like reach her on this phone number or no.

**Yenma:** Uh,I would first like to know what this is regarding.

**Caller:** Well as far as the contents of the document are concerned unfortunately the only way I can disclose them would be if I uh know who I am speaking with first  uh and I have to confirm some information uh yea so that's it, either I you know  I can mail it to the address we have or its up to you.

**Yenma:**  You can go head and mail it I'm not going to disclose any information.

**Caller:** Alright

**Yenma:** Thank you.

**Caller:** Sure. Bye.

See Exhibit C, Recording of Call dated December 2, 2016.

15.     When a collector for First Choice Assets makes a call in an effort to collect, that caller manually enters notes into its computer system called "FileMaker" Exhibit B, p. 58-59, 68-69.

16.     After the first call, the collector wrote in FileMaker, "Called Out/Talked to Other: 773-536-0882- female would not disclose any info whatsoever, wouldn't even say whom she was." See Exhibit 4 to Deposition of Maczka previously marked as Exhibit B, hereinafter referred to as Exhibit B,,4.

17.     On December 6, 2016, collector Jennifer Heebner attempted to call Ms. Prendergast at the same 773-536-0882 phone number.  Exhibit B, p. 70, Exhibit B4.

18.     The call to Plaintiff on December 6, 2016 is transcribed as follows:

**Yenma:** Hello

**Caller:** Good morning this is Jennifer Hebner calling to confirm location information for Yenma Prendergast

**Yenma:** May I ask who's calling?

**Caller:** Yes, my name is Jennifer Heber

3

**Yenma:** Ok, this is regarding?

**Caller:** It's for the proper delivery of a required letter for Yenma.

**Yenma:** And this letter is regarding?

**Caller:** Um well I the thing is I am not sure who I am speaking to if I know who I am taking to or if this is Yenma I would be more than happy to let you know what its regarding, but I can can't give out her information, to a third party its against the law, can I ask who I am speaking with?

**Yenma:** Ok. This is Yenma.

**Caller:** Oh ok great than I would be more than happy to let you know what it is. The address I have on file is 11134 S. Ave. E, Chicago, IL 60617, is that still a good address for you?

**Yenma:** You can go ahead and send whatever you need to send there.

**Caller:** Ok cuz there actually has already been a required letter already sent out to that address and we did receive any type of a response, so that is why we are contacting you directly. Now if you like I can let you know exactly what that letter was regarding but I would first have to confirm the last 4 of your SS for security purposes.

**Yenma:** I would not I would not like to give that info over the phone

**Caller:** I have your whole social, if you want Ill give you the first 5 but I do need for you to confirm the last 4 [REDACTED] as the first 5

**Yenma:** I'm still not going to discuss my social over the phone

**Caller:** I have your social we are not asking you to discuss it, I'm asking you to confirm it so I you are the right party it's so we won't give information to the wrong person, its for your own protection

**Yenma:** I'm not going, ok like I told someone else I told someone else ok but I'm still not going to say it over the phone, if you are saying my social or possibly what social is and someone else could get that information

**Caller:** Well I already gave you the first 5 well no-no-nobody can hear the information cuz we are on um a recoded line, which is secured. I did already give you the first five as I said I have your whole entire social this is for your protection so we don't give out your information to the wrong person, its so I know you are the correct Gem-Yenma Prendergast attached to this file. Once you confirm that-I am not asking you to give me anything I am asking you to confirm what I have.

**Yenma:** I have another call I need to take I'm sorry, look I'm actually at work right now and I can't

4

**Caller:** Ok that's fine

See Exhibit D, Recording of Call dated December 6, 2016.

19.     After that second call, Ms. Heebner wrote in FileMaker, "Called out/Talked to: Other-refused to confirm ssn."  Exhibit B,4.

20.     First Choice Assets is aware that people are reluctant to give out their social security numbers. Exhibit B, p. 73.  First Choice Assets has encountered in the past, reluctance by consumers to give out their social security numbers. Exhibit B, 74. Mr. Maczka agrees that a consumer receiving a phone call from a complete stranger who has not been identified would be reluctant to give out their social security number.  Exhibit B, p.74.

21.     Exhibit B,2 is an excerpt of Defendant's Operation Policy Handbook.

22.     The Operations Policy Handbook instructs employees on the policies and expectations of the company, instructs employees on compliance with laws, and to teach employees how not to violate the Fair Debt Collection Practices Act. Exhibit B, pp. 75-76.

23.     The Operations Policy Handbook instructs collectors that if the consumer does not want to reveal their social security number, then the collector should instead seek to confirm the consumer's date of birth.  Exhibit B,2; Exhibit B, pp. 79-80.

24.     Ms. Prendergast would not give out her social security number to the caller. Exhibit D, Exhibit B, p. 78.

25.     When Ms. Prendergast refused to confirm her social security number, Ms. Heebner did not request to confirm Plaintiff's date of birth.  Exhibit D, Exhibit B, p. 80.

26.     At no time during either call to the Plaintiff did the Defendant identify who they were, or that they were calling to collect upon a debt.  Exhibits C and D, Exhibit B, p. 83.

5

27.     At the time the calls were made to the Plaintiff, and up to the time the instant lawsuit was filed, Defendant was not attempting to collect any debts from any other person named Yenma Prendergast.  Exhibit B, pp. 81-83.

28.     Defendant has not performed any other investigation into Plaintiff's address aside from what was provided by its client.  Exhibit B, pp. 44-45.

29.     Defendant has not provided any notice to Plaintiff of the amount of the debt, to whom it is owed, and that she has the right to request validation of the debt.  Exhibit A, ¶, Exhibit B, pp. 29, 46.

30.     Defendant has not learned of any facts in support of its eleven affirmative defenses throughout the entire discovery process of this case.  Exhibit B, pp. 83-84.


| | |
|---|---|
| _____s/Larry P. Smith_____ | _____s/ Brendan H. Little_____ |
| Larry P. Smith (Atty. No.: 6217162) | Brendan H Little |
| SMITHMARCO, P.C. | Lippes Mathias Wexler Friedman LLP |
| 55 W. Monroe Street, Suite 1200 | 50 Fountain Plaza, Suite 1700 |
| Chicago, IL 60603 | Buffalo NY 14202 |
| Telephone:     (312) 324-3532 | Telephone:     (716)-218-7570 |
| Facsimile:     (888) 418-1277 | Facsimile:     (716)-853-5199 |
| E-Mail:     lsmith@smithmarco.com | E-Mail:     blittle@lippes.com |